

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| BRANDY VERNON HARRIS,<br>　　　　Plaintiff,<br><br>vs.<br><br>BRITNEY MAY; ANDRES MALDONADO; CHRISTOPHER PRICE; CAMERON KIRBY; SEAN SERCU; WILLIAM WATSON; BRANDON AVIDON; ANTOINE LOGAN; JANE MOLDA; PETER LENZI; PAULA BROWN; MUNICIPAL COURT ROCK HILL SOUTH CAROLINA; KENNETH MARTIN; DANIELS SHEALY; KEENA MCCROREY; JUSTIN SPADER; LEWIS RAYMES; KENYATTA TRIPP; SCOTT CRIBB; OFFICER MURPHY; INVESTIGATOR OFFICER WELCH; SUPERVISOR OFFICER BREEDEN; and SUPERVISOR OFFICER HUMPHRIES,.<br>　　　　Defendants. | CIVIL ACTION NO.: 0:18-cv-3499-MGL |

### ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING WITH PREJUDICE PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Brandy Vernon Harris (Harris) is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Harris's petition is subject to summary dismissal pursuant to 28 U.S.C. § 1915. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

1

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on March 6, 2019, ECF No. 20, and the Clerk filed Harris's objections on March 13, 2019, ECF No. 22. The Clerk also filed Harris's motion for a new case number, ECF No. 26, and a subsequent letter Harris sent the Court regarding his motion for a new case number, ECF No. 29.

After reviewing Harris's complaint, the Magistrate Judge entered an order giving Harris twenty-one days to amend his complaint and warning him that failure to amend would lead to a recommendation for summary dismissal. ECF No. 10. Harris's amended complaint is over one-hundred-thirty copies of one page of the standard complaint form this Court provides pro se litigants. Each one of the one-hundred-thirty pages has a date, time, place, and the name of a defendant in this action, along with a conclusory legal phrase such as "false arrest," "racial

discrimination," or "deliberate indifference." Critically, Harris fails to provide any facts or specific allegations explaining how even one of the named defendants in this action violated his constitutional rights. Although Harris attached various legal documents and arrest records to his amended complaint, there is no clear connection between the documents and the defendants. Harris fails to even list a cause of action anywhere in his amended complaint that would allow this Court to construe his pleadings such that he states a cognizable legal claim.

In his objections to the Report, Harris purports to submit "Facts to Each Claim," presumably in response to the Magistrate Judge's assertion Harris's amended complaint was devoid of facts and therefore subject to summary dismissal. For example, Harris asserts as one of his objections:

> I was found not guilty of 9 charges, I faxed a memo to the appeal judge Mrs. Weaver the Defendant herein appeal his conviction and sentence and request reversal on the following grounds: (1) The judge did not direct a verdict despite the incident occurring on private property, and (2) the judge did not dismiss this case when the behavior the defendant was charged for is speech protected by the 1st amendment of the US Constitution.

ECF No. 22 at 2. Harris continues, "For the reason stated above the defendant requests that his conviction for public disorderly conduct be reversed but was reverse 9 chargies was dismiss 2 appeals which proves violations within appeals makes total of 11 not guilty chargies." *Id*. (errors in original).

The remainder of Harris's objections unfortunately are replete with similarly worded legal conclusions without the necessary facts or allegations against defendants in this case necessary to state a claim and survive summary dismissal. The Court concludes all of the materials Harris has submitted, liberally construed, fail to correct the deficiencies identified in the Report. And, to the extent Harris's letter or motion for a new case number could be construed as a motion to amend, the Court will decline to give Harris another opportunity to amend because such amendment would

be futile.  *See Martin v. Duffy*, 858 F.3d 239, 447-48 (4th Cir. 2017) (finding the plaintiff's "repeated, ineffective attempts at amendment" suggest further amendment would be futile).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Harris's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Harris's complaint is **SUMMARILY DISMISSED WITH PREJUDICE** and without issuance and service of process.  Because the Court concludes summary dismissal is appropriate, the Court **DISMISSES AS MOOT** Harris's motion for a new case number.

**IT IS SO ORDERED**.

Signed this 10th day of April, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.